Law Library

FILED
SUPERIOR COURT
OF GUAM

**IN THE SUPERIOR COURT OF GUAM**

2009 OCT 12 PM 1: 56

CLERK OF COURT

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF0133-09 |
| Plaintiff, | ) |
| vs. | ) **DECISION AND ORDER** |
| HENRY FLORES *et al.*, | ) **On Defendant Esmeralda A. Sabinay's** |
| | ) **Motion for Reconsideration of Order** |
| Defendants. | ) **Denying Motion to Dismiss First Charge** |

## I. INTRODUCTION

This matter came before the HONORABLE VERNON P. PEREZ on Defendant Esmeralda A. Sabinay's Motion for Reconsideration of Order Denying Motion to Dismiss First Charge, filed on September 1, 2009. The People filed an Opposition on September 8, 2009. Defendant Sabinay filed a Reply on September 14, 2009. Co-Defendants Henry C. Flores, Joe M. Duenas, Juan L.G. Diaz, James V. Quenga, Raynold C. Alcantara, Joaquin Q. Castro, Vincent G. Perez, Luke Tonaichy and Benedette C. Santos orally joined in Sabinay's motion. The Court held a hearing on the matter on October 5, 2009. Having considered the Parties' written submissions, the arguments of counsel, and the applicable law, the Court now issues its ruling.

## II. DISCUSSION

### A. Summary of Parties' Arguments

In her motion, Defendant Sabinay urges the Court to reconsider its Decision and Order of August 24, 2009, denying Defendant Sabinay's Motion to Dismiss the First Charge of the Indictment. Defendant Sabinay argues that the Court has misapprehended a mixed point of law and fact, namely, that the underlying offense depends on a reckless result, rather than on reckless

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion for Reconsideration)
Criminal Case No. CF0133-09
- Page 1 of 10 -

conduct. In their Opposition, the People counter that reconsideration is inappropriate, because Defendant Sabinay has not met the standards set forth in Guam case law for revisiting a previously decided issue. In her reply, Defendant Sabinay contends that the culpable mental state of the underlying offense is mere recklessness, and that the reference in the statute to "circumstances manifesting extreme indifference to the value of human life" refers to a material element of the attendant circumstances. In light of Defendant Sabinay's arguments, the Court will exercise its discretion and entertain the motion for reconsideration.

**B. Whether Underlying Offense Depends on Reckless Result**

### 1. Whether Offense Depends on Result or Conduct

In its previous decision, the Court focused on the conduct of the accused. In her reply, Defendant Sabinay "concedes that the underlying offense depends on reckless conduct. . . . But the underlying offense also depends on a reckless result . . . ." Reply to Opp'n to Mot. for Reconsideration of Order Denying Mot. to Dismiss First Charge (Sept. 14, 2009), at 2-3. The Court examines the distinction between statutes that criminalize conduct and those that demand a particular result.

In Commonwealth v. Wood, 475 A.2d 834 (Pa. Super. Ct. 1984), a defendant appealed his reckless endangerment conviction, arguing that the trial court should have instructed the jury on the lesser included offense of reckless driving. In arriving at its conclusion that the trial court had erred, the Pennsylvania court had to analyze the statutes governing the two offenses. Id. at 835. Pennsylvania's reckless driving statute provided that "[a]ny person who drives a vehicle in careless disregard for the safety of person or property is guilty of a summary offense." The court in Wood identified the offense of reckless driving as having "two elements: an *actus reus*—

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion for Reconsideration)
Criminal Case No. CF0133-09
- Page 2 of 10 -

driving a vehicle; and a *mens rea*—careless disregard." Id. at 836. Thus, Pennsylvania's reckless driving statute required no causation or particular result. Id.

Guam's own version of the reckless driving statute provides that "[e]very person who drives any vehicle upon a highway in willful or wanton disregard for the safety of persons or property is guilty of reckless driving." 16 G.C.A. § 9107(a). Thus, like the Pennsylvania statute, Guam law has two elements: an *actus reus*—driving a vehicle; and a *mens rea*—willful or wanton disregard, but does not require causation any particular result with respect to this offense.

In Minor v. State, 605 A.2d 138 (Md. 1992), a defendant sought review of his conviction under a statute providing that any person "who recklessly engages in conduct that creates a substantial risk of death or serious physical injury to another person is guilty of the misdemeanor of reckless endangerment" Id. at 437 (quoting Md. Code, Art. 27, § 120(a) (1992 Repl. Vol.)). The Maryland high court noted that "[i]t is readily evident from the plain language of § 120(a) that it was enacted to punish, as criminal, reckless conduct which created a substantial risk of death or serious physical injury to another person. It is the reckless conduct and not the harm caused by the conduct, if any, which the statute was intended to criminalize." Thus, Maryland's reckless endangerment law did not require causation or any particular result.

Guam's own version of the reckless endangerment statute provides that "[a] person is guilty of reckless conduct if he . . . recklessly engages in conduct which unjustifiably places or may place another in danger of death or serious bodily injury". 9 G.C.A. § 19.40(a)(1). Thus, like the Maryland statute, Guam law criminalizes the conduct but does not require causation or any particular result with respect to this offense. But see Wood, 475 A.2d at 835 (finding that one of the elements of the crime of reckless endangerment is "the achievement of a particular

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion for Reconsideration)
Criminal Case No. CF0133-09
- Page 3 of 10 -

result—'danger,' to another person of death or serious bodily injury.") (quoting Commonwealth v. Trowbridge, 395 A.2d 1337, 1340 (Pa. Super. Ct. 1978)).

In Commonwealth v. Myers, 722 A.2d 1074 (Pa. Super. Ct. 1998), a defendant appealed his aggravated assault conviction, arguing that the trial court had erred in its instructions to the jury. Id. at 1075-76. The Pennsylvania aggravated assault statute under which the defendant had been convicted provided in pertinent part: "A person is guilty of aggravated assault if he . . . causes [serious bodily injury to another] . . . recklessly under circumstances manifesting extreme indifference to the value of human life." Id. at 1076 (citing 18 Pa. Consol. Stat. § 2702(a)(1)). The reviewing court in Myers noted that the lower court properly identified one of the elements of the offense as the defendant causing serious bodily injury to the victim. Myers, 722 A.2d at 1076. Thus, in contrast to the reckless driving and reckless endangerment statutes examined above, Pennsylvania's aggravated assault statute requires causation or a particular result, namely, serious bodily injury. Id.

The offense underlying the conspiracy charge in this case is aggravated assault as set forth in section 19.20(a)(1) of the Guam Criminal Code, which states: "A person is guilty of aggravated assault if he . . . recklessly causes . . . serious bodily injury to another in circumstances manifesting extreme indifference to the value of human life". 9 G.C.A. § 19.20(a)(1). One of the elements of this offense is that the defendant caused serious bodily injury to the victim. Thus, like Pennsylvania's aggravated assault statute, Guam law requires causation or a particular result, namely, serious bodily injury.

The Court concludes that, in addition to conduct, the offense underlying the conspiracy charge in this case depends on a result. The Court's inquiry, however, does not end here. The Court turns now to address the *mens rea*, or culpable mental state, applicable to that result.

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion for Reconsideration)
Criminal Case No. CF0133-09

- Page 4 of 10 -

## 2. Whether Offense Requires Mere Recklessness or Extreme Recklessness

In her reply, Defendant Sabinay

> concedes that the underlying offense depends on reckless conduct. And Sabinay concedes that the underlying offense depends on reckless "circumstances manifesting extreme indifference to the value of human life." But the underlying offense also depends on a reckless result, and the culpable mental state is mere recklessness, because "in circumstances manifesting extreme indifference to the value of human life" is nothing more or less than a material element of attendant circumstances—not any part of the culpable mental state.

Reply to Opp'n to Mot. for Reconsideration of Order Denying Mot. to Dismiss First Charge (Sept. 14, 2009), at 2-3.

Section 4.30 of the Guam Criminal Code defines four culpable mental states: intentional, knowing, reckless, and criminally negligent. 9 G.C.A. § 4.30(a)-(d). Section 4.40 requires, except in limited circumstances not applicable here, that every criminal offense include a culpable mental state: "[I]f the definition of a crime does not expressly prescribe a culpable mental state, a culpable mental state is nonetheless required and is established only if a person acts intentionally, knowingly or recklessly." 9 G.C.A. § 4.40. Under section 4.25, the culpable mental state applies to each element of the offense: "[A] person is not guilty of a crime unless he acts intentionally, knowingly, recklessly or with criminal negligence, as the law may require, with respect to the conduct, the result thereof or the attendant circumstances which constitute the material elements of the crime." 9 G.C.A. § 4.25.

Section 4.35 of the Guam Criminal Code provides: "If the definition of an offense prescribes a culpable mental state but does not specify the conduct, attendant circumstances or result to which it applies, the prescribed culpable mental state shall apply to each such material element." 9 G.C.A. § 4.35(a). The Comment to section 4.35 states:

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion for Reconsideration)
Criminal Case No. CF0133-09

- Page 5 of 10 -

Subsection (a) tends to eliminate previous ambiguity: a particular law made forbidden general conduct, continuing several elements, a crime when done willfully or knowingly or recklessly. Under former law it was unclear whether all, or only part of, the elements of the offense is subject to the required culpable mental state. This Subsection specifically states that the appropriate mental state is applicable to all material elements of the crime unless the statute in question specifically provides the different result.

9 G.C.A. § 4.35, Comment.

The offense underlying the conspiracy charge in this case is aggravated assault as set forth in section 19.20(a)(1) of the Guam Criminal Code: "A person is guilty of aggravated assault if he . . . recklessly causes . . . serious bodily injury to another in circumstances manifesting extreme indifference to the value of human life". 9 G.C.A. § 19.20(a)(1). The language "in circumstances manifesting extreme indifference to the value of human life" comes from the Model Penal Code. See Model Penal Code § 211.1(2)(a) (providing that aggravated assault occurs when a person acts "purposely, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life"). Case law interpreting the Model Penal Code belies Defendant Sabinay's contention that the culpable mental state is mere recklessness.

In O'Brien v. State, 45 P.3d 225 (Wyo. 2002), a defendant appealed his conviction for aggravated assault and battery, arguing that the trial court had not properly instructed the jury. Id. at 228. The statute under which the defendant had been convicted provided that "[a] person is guilty of aggravated assault and battery if he: [c]auses serious bodily injury to another intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" Id. at 229 n.1 (quoting Wyo. Stat. Ann. § 6-2-502(a)(i)). At issue was the jury instruction concerning recklessness. The jury received an instruction on the elements of aggravated assault and battery, including an instruction defining recklessness. The

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion for Reconsideration)
Criminal Case No. CF0133-09

- Page 6 of 10 -

jury did not, however, receive any instruction defining recklessness under circumstances manifesting extreme indifference to the value of human life. O'Brien, 45 P.3d at 229.

Because the language "recklessly under circumstances manifesting extreme indifference to the value of human life" came from the Model Penal Code, the court turned to the Model Penal Code to interpret that language. Id. at 230. The court noted that the Model Penal Code distinguishes between "recklessness" and "recklessness under circumstances manifesting extreme indifference to the value of human life". Id. According to the Model Penal Code commentaries, the term "recklessly under circumstances manifesting extreme indifference to the value of human life" constitutes a "special character" of recklessness. Id. at 231 (citing Model Penal Code § 211.1(2)(a) cmt. 4, at 189).

This special type of recklessness, which elevates simple assault to aggravated assault, derives from the Model Penal Code's definition of murder:

> In a prosecution for murder, however, the [Model Penal] Code calls for the further judgment whether the actor's conscious disregard of the risk, under the circumstances, manifests extreme indifference to the value of human life. The significance of purpose or knowledge as a standard of culpability is that, cases of provocation or other mitigation apart, *purposeful or knowing homicide demonstrates precisely such indifference to the value of human life. Whether recklessness is so extreme that it demonstrates similar indifference* is not a question, it is submitted, that can be further clarified. It must be left directly to the trier of fact under instructions which make it clear that recklessness that can fairly be assimilated to purpose or knowledge should be treated as murder and that less extreme recklessness should be punished as manslaughter.

O'Brien, 45 P.3d at 231 (quoting Model Penal Code § 210.2(1)(b) cmt. 4, at 21-22) (emphasis added).

Under the Model Penal Code, a homicide committed recklessly constitutes manslaughter, with a *mens rea* of recklessness. However, a homicide committed recklessly under circumstances manifesting extreme indifference to the value of human life constitutes murder,

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion for Reconsideration)
Criminal Case No. CF0133-09

- Page 7 of 10 -

with a correspondingly higher *mens rea*. "For a reckless homicide to be classified as murder instead of manslaughter, the factfinder must find that the actor's conscious disregard of the risk, under the circumstances, manifests extreme indifference to the value of human life." Jeffries v. State, 169 P.3d 913, 917 (Alaska 2007) (quotation marks omitted). On the other hand, "if the evidence, viewed as a whole, cannot be reasonably interpreted as demonstrating the type of heightened recklessness that is equivalent to purposeful or knowing homicide", then the reckless homicide must be classified as manslaughter rather than murder. Id.

Extreme recklessness equates to knowledge in the homicide context because recklessly causing serious bodily injury entails awareness of a possibility of death, whereas causing serious bodily injury with recklessness under circumstances manifesting extreme indifference to the value of human life entails awareness of a high probability of death. Awareness of a high probability is associated with practical certainty. Practical certainty equates to knowledge. See, e.g., 9 G.C.A. § 4.30(b) (defining knowing culpable mental state as follows: "[a] person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is practically certain to cause the result").

Similarly, in the context of aggravated assault context, "[t]he Commentaries addressing aggravated assault and battery state that this special character of recklessness, or extreme recklessness, is designed to more severely punish battery where *the defendant's state of mind would have justified a murder conviction* had his victim not fortuitously lived." O'Brien, 45 P.3d at 231 (citing Model Penal Code § 211.1(2)(a) cmt. 4, at 189) (emphasis added). The Wyoming Supreme Court in O'Brien held that the trial court erred in instructing the jury only as to recklessness and not on recklessness under circumstances manifesting extreme indifference to the value of human life. O'Brien, 45 P.3d at 232.

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion for Reconsideration)
Criminal Case No. CF0133-09

- Page 8 of 10 -

The Ninth Circuit Court of Appeals in <u>United States v. Esparza-Herrera</u>, 557 F.3d 1019 (9th Cir. 2009), reached a similar conclusion as to the distinction between mere recklessness and "recklessness under circumstances manifesting extreme indifference to the value of human life" when it decided for purposes of illegal reentry that a conviction under Arizona's aggravated assault statute, which required mere recklessness, did not qualify as a crime of violence. The Ninth Circuit noted that extreme recklessness is not equivalent to mere recklessness: " '[R]ecklessly under circumstances manifesting an extreme indifference to human life' does not encompass 'recklessly,' and a defendant can be reckless without manifesting an extreme indifference to human life." <u>Id.</u> at 1024. According to the court in <u>Esparza-Herrera</u>, "the Model Penal Code commentary shows that the 'extreme indifference' recklessness requirement establishes a *mens rea* standard for aggravated assault arguably higher than ordinary recklessness." <u>Id.</u>

Guam law has adopted the approach of the Model Penal Code in distinguishing between reckless homicide and homicide committed recklessly in circumstances manifesting extreme indifference to the value of human life. Reckless homicide constitutes manslaughter, whereas homicide committed recklessly in circumstances manifesting extreme indifference to the value of human life constitutes murder. <u>See</u> 9 G.C.A. § 16.50(a)(1) ("[c]riminal homicide constitutes manslaughter when: [ ] it is committed recklessly"); 9 G.C.A. § 16.40(a)(2) ("Criminal homicide constitutes murder when: . . . it is committed recklessly under circumstances manifesting extreme indifference to the value of human life".). Murder and manslaughter do not share the same *mens rea*.

Like the homicide statutes, Guam's aggravated assault laws are also based on the Model Penal Code. Under the Model Penal Code, "recklessness under circumstances manifesting

*People of Guam v. Henry Flores et al.*
Decision and Order (Motion for Reconsideration)
Criminal Case No. CF0133-09

- Page 9 of 10 -

extreme indifference to the value of human life" is a higher culpable mental state than recklessness. Although it may be argued that a reckless homicide cannot underlie a conspiracy charge, the same cannot be said of a homicide committed with extreme recklessness. See, e.g., United States v. Chagra, 638 F. Supp. 1389, 1403 (W.D. Tex.), aff'd, 807 F.2d 398 (5th Cir. 1986), cert. denied, 484 U.S. 832, 108 S. Ct. 106, 98 L. Ed. 2d 66 (1987). Similarly, because the underlying aggravated assault charged in this case involves a higher culpable mental state than mere recklessness, the conspiracy charge based on it survives Defendant's motion to dismiss for failure to charge an offense.

## III. CONCLUSION

For the foregoing reasons, Defendant Esmeralda A. Sabinay's Motion for Reconsideration of Order Denying Motion to Dismiss First Charge, joined by all Co-Defendants, is hereby DENIED.

SO ORDERED this 12th day of October, 2009.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify this is a
full, true ... ORIGINAL
on file ... the
Court ... Guam.

DATED OCT 12 2009

JERMIE K.J. DUENAS
DEPUTY CLERK, Superior Court of Guam

People of Guam v. Henry Flores et al.
Decision and Order (Motion for Reconsideration)
Criminal Case No. CF0133-09
- Page 10 of 10 -